## LOUISIANA, f. w. c., *v.* ESTATE OF F. BAILLIO ct al.

An act of sale to a slave of his freedom, which is a simulation, cannot produce any effect.

If the master, intending to emancipate his slave, makes a sale to the slave of his freedom, without any consideration, it is void for the want of the formalities prescribed by law for manumission.

Where the vendor of property remains in possession up to the time of his death, it cannot be recovered from his succession under a title by transfer from the deceased, unless the claimant establishes good faith and the reality of the sale.

APPEAL from the District Court of the Parish of Rapides, *Cullom, J.* *Orsborn & Schropshire,* for plaintiff and appellant. *Hyman & Cazabat,* for defendant. *Manning,* for intervenors.

LAND, J. The plaintiff, a woman of color, sues by injunction to arrest the sale, and to establish the freedom of herself and her two minor children. The title on which she relies to establish her freedom, is a notarial act of sale by *Richard Grant,* her former owner, passed on the 29th day of January, 1856. This act of sale purports to have been made in consideration of the price of thirteen hundred and fifty dollars paid in cash to the vendor by the plaintiff, at the date of the act ; and was duly recorded in the parish of the domicil of both vendor and vendee.

The validity of this title set up by the plaintiff, is not only denied, but is assailed as an absolute nullity, on the grounds of fraud and simulation by the administrator of the succession of *F. Baillio,* who is the defendant in injunction.

The administrator avers, that the plaintiff and her children are slaves, and the property of the succession of *Baillio,* and as such are liable to be sold by order of court, to pay the debts of his estate. That *Baillio* purchased the plaintiff and her eldest child from *Grant,* the owner, in the year 1855, and paid the whole of the price to *Grant,* a part at the time of sale, in cash, and the balance after-

wards. That *Baillio*, who lived in concubinage with the plaintiff, returned his act of sale to *Grant*, and induced him to pass the act of the 29th of January, 1856, to the plaintiff and her child, conveying the title set up in her petition as the foundation of her right to freedom. That the act of sale of the 29th of January, 1856, to the plaintiff, was a simulation and fraud concocted by *Baillio*, and a disguised donation prohibited by law. And that the succession of *Baillio* is involved in debt, and is insufficient to pay the numerous claims against it.

After the issues had been thus made between the plaintiff and defendant, *Mary C. Baillio*, the sister of the deceased, and wife of *James R. Lee*, intervened in the suit, and claimed title to the plaintiff and her children as slaves, by virtue of a notarial act of sale from *F. Baillio*, passed on the 24th day of December, 1857, and duly recorded in the proper office. The consideration of this sale purports to have been the price of two thousand dollars, for which the vendee (the intervenor) gave her promissory note payable to the order of the vendor (*F. Baillio*) on the first day of January, 1858.

On the case thus stated, it may be observed :

First. That, as between the plaintiff and the defendant, the evidence fully sustains the defence made by the administrator to the action. The plaintiff and her child were purchased, and the price was wholly paid to *Grant*, the vendor, by *F. Baillio*, and the act of the 29th of January, 1856, by virtue of which plaintiff claims her freedom, was, in fact and in law, a pure simulation, considered as a contract of sale, and as such, is without any legal effect as a basis of title.

If this act of sale was intended as a donation to the plaintiff of her freedom, it was void for the want of the formalities prescribed by law, and did not divest *Baillio* of his title. See Articles of the Civil Code from 184 to 188, as amended.

Second. It follows from the preceding views, that the contest in this case is really between the intervenor, *Mary C. Baillio*, and the administrator of the estate of *F. Baillio*, the defendant in the action.

The evidence shows, that the plaintiff and her children were not delivered to the vendee (the intervenor) under the act of sale of the 24th of December, 1857, but that they remained in the possession of the vendor (*F. Baillio*) until his death, and were afterwards inventoried as the property of his succession.

Where the vendor remains in possession, the law raises a presumption that the sale is simulated, and requires the parties to produce proof of their good faith and the reality of the sale. Article 2456 of the Code declares, that in all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and, with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale.

In order to prove the reality of the sale of the 24th of December, 1857, the intervenor was bound to prove the payment of the note for $2000, given for the price, and due on the 1st of January, 1858, or to prove that it was in the hands of a *bona fide* holder by endorsement or transfer from the payee (the vendor), or at least, to prove that the note was in the possession of her vendor at the time of his death, and was found uncanceled among his papers or assets.

The intervenor has failed to prove any of these facts necessary to establish the reality of the sale. She has proved, that since the commencement of this suit, and the filing of her intervention, she has paid a judgment against her vendor,

*F. Ballio*, which operates a privilege on the slaves in dispute, to-wit, the plaintiff and her children, for the sum of two thousand dollars, the amount of her note for the price, and has been subrogated to the rights of the judgment creditors; but this payment with subrogation was not a payment of her note alleged to have been given for the price of the slaves, nor is it any proof of the reality of the sale itself. We are, therefore, of opinion, that the intervenor has failed to rebut by proof the presumption of simulation arising from the possession of the vendor after the date of the sale, until the time of his death.

The judgment, which is in favor of the intervenor, is erroneous, and must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff and her children be declared slaves, and the property of the succession of *F. Baillio*, deceased; and it is further ordered and decreed, that the writs of sequestration and injunction sued out in this case be dissolved, at plaintiff's costs; and it is further decreed, that the demand of the intervenor be rejected, at her costs in the lower court; and it is still further ordered and decreed, that plaintiff pay the costs of the main action in the lower court, and one-half of the costs of this appeal, and that the intervenor pay the other half of the costs of appeal.